**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>VENESTER FAYNE,<br><br>Defendant. | CASE NO.: 4:93-cr-83 |

**ORDER**

The Court **DENIES** Defendant's Motion, (doc. 127), wherein she requests that the Court clarify a recommendation made upon revocation of her supervised release. The Court "strongly recommend[ed] to the Federal Bureau of Prisons that while the defendant is in their custody that she never be allowed access to the Internet or a computer service of any kind because, even in prison, she would continue her criminal activities." (Doc. 107, p. 5.) In her recent pleading, Defendant appears to seek clarification that the Court's recommendation only applies to the eighty-four months she spent in the Bureau of Prison's ("BOP") custody due to her revocation in this case. (Doc. 127.)[1]

"A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by a statute or rule." United States v. Giron, 15 F.4th 1343, 1345 (11th Cir. 2021) (quotation and citation omitted). Defendant has not explained the jurisdictional basis for the Court to entertain her request. Additionally, whether Defendant is allowed to access a

[1] To the extent Defendant asks that this Court directly order the BOP to allow her computer access, she would have to first exhaust her administrative remedies within the BOP. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Further, Defendant would have to bring her request via 28 U.S.C. § 2241 in the district of her current confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Because she is not currently confined in this district, the Court cannot grant her any relief under Section 2241. Thus, to the extent that Defendant intended to bring her claim pursuant to 28 U.S.C. § 2241, the Court **DENIES** that claim **WITHOUT PREJUDICE**.

computer during her incarceration is ultimately in the purview of the BOP. Because the Court's recommendation is not binding on the BOP, there is no need for the Court to clarify or revisit that recommendation. See, United States v. Ramdeo, 705 F. App'x 839, 840 (11th Cir. 2017) (rejecting defendant's claim that sentencing court erred by not recommending that BOP remove his "public safety factor" designation). Lastly, to the extent that the Court's authority to make recommendations to the BOP is limited to the time Defendant spent in custody on this case as she contends, the BOP is perfectly capable of discerning that limitation without the Court's involvement.

**SO ORDERED**, this 23rd day of September, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA